**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**MICHAEL WILSON, ET AL**                                                    **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:06cv43KS-MTP**

**KIMBERLY-CLARK CORPORATION**                                        **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#14]** filed on behalf of he

plaintiffs and on Motion to Dismiss **[#5]** filed on behalf of the defendant.  The court,

having reviewed the motions, the responses, the pleadings and exhibits on file and

being otherwise fully advised in the premises finds that the motion to remand should be

denied and the motion to dismiss should be granted.  The court specifically finds as

follows;


## FACTUAL BACKGROUND

This action was originally filed in state court by sixty-one plaintiffs who were laid

off by the defendant.  They brought suit alleging that the defendant had breached its

obligation to pay severance benefits due as a result of their terminations.  Asserting that

the case is governed by ERISA, the defendant removed it to this court.  The defendant

then filed its motion to dismiss on the basis that the plaintiffs had named the wrong

party and that they had failed to exhaust their administrative remedies, a prerequisite to bringing suit under ERISA.  The plaintiffs responded to the motion to dismiss and then filed a motion to remand.  After conducting remand related discovery, the motions are before the court for resolution.

## STANDARD OF REVIEW

### REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

### DISMISSAL

The defendant has moved the court to dismiss this matter under Rule 12(b)(6)

2

for failure of the Plaintiffs to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## ERISA PREEMPTION

The plaintiffs deny that this case is governed by ERISA.  The Act provides, "[T]his chapter shall supersede any and all State laws insofar as they may now or hereafter <u>relate to</u> any employee benefit plan. . . ."  29 U.S.C. § 1144(a).  (Emphasis added.)  The Supreme Court has held that this language is "deliberately expansive," and is designed to make regulation of employee benefit plans an exclusively federal concern.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987).  "[T]he Supreme Court has announced that the term 'relate to' in the preemption provision should be given its <u>broadest common sense meaning</u>:  a 'law "relates to" an employee benefit

3

plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Hansen v. Continental Life Ins. Co*, 940 F.2d 971, 979 (5th Cir.1991)(*quoting Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983). (Emphasis added)).  The cases hold the preemption provision was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements.  *See Shaw v. Delta Air Lines, Inc., supra*.

The Fifth Circuit has recently clarified the analysis of what "relate to" means:

> In *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc.*, 793 F.2d 1456, 1467-68 (5th Cir. 1986), *cert. denied*, 479 U.S. 1034, 107 S. Ct. 884, 93 L. Ed. 2d 837 (1987), we determined that the most important factor for a court to consider in deciding whether a state law affects an employee benefit plan "in too tenuous, remote, or peripheral a manner to be preempted" is whether the state law affects relations among ERISA's named entities.  "[Courts] are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities --the employer, the plan, the plan fiduciaries, and the beneficiaries -- than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan. n19, *Id.* at 1467.

*Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d at 249.


## THE SAVING CLAUSE

The plaintiffs also questions whether the preemption clause applies asserting that their state law claims are "saved" from preemption.  ERISA's "saving clause" provides ". . . nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance. . . ."  29 U.S.C. § 1144(b)(2)(A).  (Emphasis added.)  Speaking of the Conference Committee compromise that broadened ERISA's preemption clause to its present form, the Supreme Court said, "The change gave the insurance saving clause a much more significant role, as a provision that saved an entire body of law from the sweeping general pre-emption clause." (Emphasis added.); and ". .

4

. the saving clause is broad on its face and specific in its reference." *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 745-746, fn. 23-24, 105 S. Ct. 2380, 85 L. Ed. 2d 728 (1985).  (Emphasis added.)  Despite this broad language describing the "saving clause," the specific controlling decisions have been to the contrary.  Very few state statutes regarding insurance have survived the broad sweep of ERISA preemption, despite the "saving clause."  Even in those instances in which state statutes have survived the ERISA preemption, the state remedy has not.  *See Hansen v. Continental Ins. Co., supra*.

The saving clause was intended to preserve the right of States to regulate the "business of insurance" as provided for by the McCarran-Ferguson Act.  The Courts have held that in order to determine whether a State law[1] is saved from ERISA preemption, a court should examine the meaning of the phrase "business of insurance".

Three criteria are used to decide whether a law regulates the "business of insurance": "first, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry."  *Gahn v. Allstate Life Ins. Co.*, 926 F.2d at 1453 and cases cited therein.  A final factor to be considered in determining if a state law is saved from preemption is whether the state law in question conflicts with the substantive provisions of ERISA--specifically, in this case, with the civil enforcement provisions set forth in 29 U.S.C. § 1132(a).  The Courts have held that even if there is no direct conflict, if a state law gives an employee a remedy greater or other than a remedy set out in

---

[1]  The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State.  29 U.S.C. §1144(c)(1).  *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. at 48, fn.1.

ERISA that there is nevertheless an implied conflict and the state law remedy is preempted. *See Pilot Life Ins. Co. v. Dedeaux, supra*, and *Hanson, supra.*   Clearly, any substantive contract law of the State of Mississippi in conflict with specific ERISA provisions must be preempted.

The law is clear in this Circuit that ERISA preempts, and the saving clause does not save, a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. at 48, 107 S.Ct. at 1553; and *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 762 (5th Cir. 1989).  It is equally clear that ERISA preempts state law claims based on breach of contract, fraud, or negligent misrepresentation, if such theory would have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled. *See Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d at 245, (*citing Lee v. E. I. Du Pont de Nemours & Co.*, 894 F.2d 755, 758 (5th Cir. 1990); and *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1295 (5th Cir. 1989)).

After a careful review of the facts of this case, it is beyond purview that this case is governed by ERISA and any argument to the contrary is pointless.  Based on this finding, the court can properly entertain jurisdiction and remand is not appropriate.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

While ERISA does not contain an explicit exhaustion requirement, the Fifth Circuit has firmly established that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in Federal court. *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005); *McGowin v. Manpower Int'l, Inc.*,363 F.3d 556, 569 (5th

Cir. 2004); *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000). The policy reasons supporting the exhaustion requirement include: (1) minimizing the number of frivolous ERISA suits; (2) promoting the consistent treatment of benefit claims; (3) providing a nonadversarial dispute resolution process; (4) decreasing the time and cost of claims settlement; (5) providing a clear record of administrative action if litigation should ensue; and (6) assuring that judicial review is not made under a *de novo* standard. *See Hall v. National Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997).

In response to the defendant's argument that the plaintiffs have failed to comply with the administrative requirements of the Plan for contesting the non-payment of the claim, the plaintiffs attempt only to obfuscate the issue. They argue that the defendant has provided no proof that they have not complied with the plan terms. The burden, however, rests with the plaintiffs to first allege, then prove if necessary, exhaustion. Exhaustion is a prerequisite to bringing suit. Not only have the plaintiffs failed to offer proof of exhaustion, they have failed to even allege it. Thus, dismissal is warranted for their failure to exhaust their available administrative remedies prior to filing suit.

The defendant also has moved to dismiss on the basis that the plaintiffs have not sued the Plan, but the employer. While sometimes the difference in he Plan and the employer is sometimes subtle, it is critical. In conformity with the holding of *Musmeci v. Schwegman Giant Super Markets*, 332 F.3d 339, 349-50 (5th Cir. 2003), the court finds that the plaintiffs have failed to name the correct party and dismissal is appropriate on this ground as well.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand **[#14]** is Denied and the defendant's Motion to Dismiss **[#5]** is Granted and this

matter is dismissed without prejudice and that any other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of March, 2007.


s/Keith Starrett
UNITED STATES DISTRICT JUDGE