**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MICHAEL L. WILSON, ET AL**                                                        **PLAINTIFFS**

**VERSUS**                                                **CIVIL ACTION NO. 2:06-cv-43KS-MTP**

**KIMBERLY-CLARK CORPORATION**                                              **DEFENDANT**

**CONSOLIDATED WITH**

**JIMMY G. TUCKER, ET AL**                                                        **PLAINTIFFS**

**VERSUS**                                                **CIVIL ACTION NO: 2:07-cv-365KS-MTP**

**KIMBERLY-CLARK CORPORATION**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Judgment on Partial Findings on the Pleadings and To Strike Plaintiffs' Claim for Punitive Damages and Their Demand for Jury Trial **[#47]** filed on behalf of the defendant.  The court, having reviewed the motion the response, the briefs of counsel, being advised that the plaintiffs have, in principle, conceded the motion and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.  The court specifically finds as follows:

The plaintiffs are sixty-nine former employees of defendant Kimberly-Clark.  After the sale of the Kimberly-Clark plant in Hattiesburg, Mississippi to Hattiesburg Paper Company, all of the employees remained employed there but have filed this action asserting that they are entitled to severance benefits under the Kimberly-Clark Corporation Severance Plan (the "Plan").  This court has previously denied a Motion to

Remand based on the finding that the Plan was governed by ERISA and all state law claims were preempted.  The Fifth Circuit has affirmed that conclusion and found that the plaintiffs have properly stated a claim for the denial of benefits under an ERISA plan.  The Fifth Circuit reversed this court on its dismissal of the action for the failure of the plaintiffs to plead exhaustion of administrative remedies finding that such would have been futile.  The fact that this case is a claim for benefits under an ERISA plan is the law of the case.  *See United States v. Slanina*, 359 F.3d 356, 358 (5th Cir. 2004).

The defendant has now moved to strike the plaintiffs' state law claims and jury demand.  The plaintiffs have conceded the motion on their state law claims while still trying to allege fraud without the requisite pleading particularity as required by Fed. R. Civ. P. 9(b).  Pursuant to Rule 9(b), the complaint must allege all of the elements of the underlying claim, and these allegations must be factual and not conclusory.  *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).  At a minimum, the complaint must allege the particulars of time, place, and contents of the false representations.  *Allen v. Tyson Foods, Inc.*, 153 F.Supp.2d 886, 889-90 (S.D. Miss. 2001).

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(citations omitted).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Id.* (citations omitted).  The court finds that the plaintiffs have failed to allege separate fraud and misrepresentation claims with the required

particularity to survive a motion to dismiss.  However, this does not obviate their claims that the conduct of the defendant was willful, intentional or egregious under ERISA. The remedies under ERISA are broad enough to respond to the plaintiffs alleged injuries as pled, including attorneys fees and costs and there is no reason to file an amended complaint clarifying these specific claims as the Fifth Circuit has concluded that the plaintiffs have properly pled claims for the alleged wrongful denial of benefits under ERISA with all its attendant remedies.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Judgment on Partial Findings on the Pleadings and To Strike Plaintiffs' Claim for Punitive Damages and Their Demand for Jury Trial **[#47]** filed on behalf of the defendant is Granted.

SO ORDERED AND ADJUDGED this the 8th day of April, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE